IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

ADAM SCOTT DEAN                                                                                    PLAINTIFF

v.                                    Case No. 4:14-CV-04135-SOH-BAB

JANA TALLANT and SHERIFF BUTCH                                                           DEFENDANTS
MORRIS

**ORDER**

Plaintiff, Adam Scott Dean, submitted this *pro se* action for filing on October 16, 2014. ECF No. 1. Currently before the Court are Plaintiff's failure to follow three Court Orders and failure to prosecute.

On October 16, 2014, Plaintiff's Complaint was provisionally filed, as additional information was needed to determine his *in forma pauperis* ("IFP") application. ECF No. 2. The provisional filing Order directed Plaintiff to submit a completed IFP application by November 4, 2014. The Order also advised Plaintiff to keep the Court apprised of any address changes and stated that failure to keep the Court informed of an address change could result in the dismissal of his case. This provisional filing Order was mailed to the Plaintiff on October 16, 2014 but was returned as undeliverable on October 24, 2014.

In November 2014, the Court obtained a new address for Plaintiff and entered an Order changing Plaintiff's address and resending the prior provisional filing Order. ECF No. 4. In this Order, Plaintiff was advised again that failure to keep the Court informed of an address change could result in the dismissal of his case. This Order was not returned as undeliverable, and Plaintiff did not respond to the Order.

1

On March 10, 2015, the Court entered another Order directing Plaintiff to return a completed IFP application or pay the filing fee by March 25, 2015.  ECF No. 5.  This Order was not returned as undeliverable, and Plaintiff again failed to respond.

On November 4, 2015, the Court entered a Show Cause Order directing Plaintiff to show cause why his case should not be dismissed for failure to comply with the Court's previous Orders.  ECF No. 6.  This Show Cause Order was not returned as undeliverable, and Plaintiff did not respond.  Plaintiff has not communicated with the Court since filing his Complaint on October 16, 2014.

While *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law.  *See Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). Local Rule 5.5(c)(2) states in pertinent part:

> *It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address*, to monitor the progress of the case, and to prosecute or defend the action diligently. . . . If any communication from the Court to a pro se plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice*.*  Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2) (emphasis added).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the Court. *See* Fed. R. Civ. P. 41(b); *see also Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31 (1962) (the district court possesses the power to dismiss *sua sponte* under Rule 41(b)).  Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to

comply with *any* Court order." *Brown v. Frey,* 806 F.2d 801, 803–04 (8th Cir. 1986) (quoting *Haley v. Kansas City Star,* 761 F.2d 489, 491 (8th Cir. 1985)).

Plaintiff has failed to keep the Court apprised of his current address as required by Local Rule 5.5(c)(2). Plaintiff has failed to comply with two Court Orders directing him to file a completed IFP Application and one Order to Show Cause. Plaintiff has also failed to prosecute this action. Accordingly, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds that this case should be and hereby is **DISMISSED WITHOUT PREJUDICE** for failure to comply with the Court's Local Rules and Orders and failure to prosecute this case. *See* Local Rule 5.5(c)(2); Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED** this 9th day of September, 2016.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge